THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKIN ARTWORK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California corporation; AUTHENTIC HENDRIX, LLC, a Washington limited liability company; and EXPERIENCE HENDRIX, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C15-1492-JCC<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on the Hendrix Defendants' motion for summary judgment and sanctions (Dkt. No. 122) and Plaintiff Rockin Artwork's motion to dismiss its remaining claims (Dkt. No. 125), motion to stay (Dkt. No. 126), and motion for relief from deadline (Dkt. No. 127).

On January 17, 2017, the Hendrix Defendants moved for summary judgment dismissal of all remaining claims in this case. (Dkt. No. 122.) Shortly thereafter, Rockin moved to voluntarily dismiss its claims, recognizing that, "based on this Court's prior rulings, Rockin will not be able to successfully prosecute any of the remaining claims." (Dkt. No. 125 at 1.) The Court agrees with Rockin that dismissal is the best use of party and Court resources. Accordingly, the Court

ORDER OF DISMISSAL
PAGE - 1

GRANTS Rockin's motion to dismiss (Dkt. No. 125). All remaining claims in this case are DISMISSED with prejudice.

In addition, the Court GRANTS the Hendrix Defendants' motion for fees and costs as a sanction for Rockin's conduct. (*See* Dkt. No. 122 at 4.) The Court ORDERS both Rockin and its counsel to pay the Hendrix Defendants' reasonable expenses, including attorney fees, in bringing its motion for summary judgment and sanctions. The Hendrix Defendants shall submit an accounting of its expenses within 14 days of this order.

Rockin also seeks relief from its January 19 deadline to pay the fees and costs associated with Defendants' motions to compel. (Dkt. No. 127 at 1; *see also* Dkt. No. 119 at 1-2.) Citing financial hardship, Rockin would like this deadline suspended while it appeals this Court's orders. (Dkt. No. 127 at 1.) This motion is DENIED. If Rockin appeals, the practical effect is that its payment requirement will be tolled pending the outcome of the appeal. While interest may be incurred, that is the risk Rockin takes in continuing to pursue this case.

In sum, Rockin's motion to dismiss claims (Dkt. No. 125) is GRANTED; the Hendrix Defendants' motion (Dkt. No. 122) is GRANTED as to their request for sanctions and otherwise DISMISSED as moot; Rockin's request for relief from deadline (Dkt. No. 127) is DENIED; and Rockin's motion to stay (Dkt. No. 126) is DISMISSED as moot. All remaining claims in this case are DISMISSED with prejudice. The Clerk is DIRECTED to statistically close this case. Upon resolution of all Defendants' fees and costs, this case will be closed.

//
//
//
//
//
//
//

1     DATED this 18th day of January 2017.

 

A

John C. Coughenour
UNITED STATES DISTRICT JUDGE