THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKIN ARTWORK LLC, | CASE NO. C15-1492-JCC |
| Plaintiff, | ORDER |
| v. | |
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California corporation; AUTHENTIC HENDRIX, LLC, a Washington limited liability company; and EXPERIENCE HENDRIX, LLC, a Washington limited liability company, | |
| Defendants. | |

On January 12, 2017, the Court awarded Defendant Bravado International Group Merchandising Services, Inc. its reasonable expenses, including attorney fees, in bringing its motion for summary judgment and sanctions, as a sanction for Plaintiff Rockin Artwork, LLC's conduct in this case. (Dkt. No. 121 at 13.) On January 18, 2017, the Court likewise awarded the Hendrix Defendants their reasonable expenses, including attorney fees, in bringing their motion for summary judgment and sanctions, also as a sanction for Rockin's conduct. (Dkt. No. 129 at 2.) Defendants have submitted an accounting of the amounts incurred in bringing those motions. (Dkt. Nos. 130, 132.)

ORDER
PAGE - 1

Plaintiff Rockin Artwork raises no objection to the reasonableness of the fees. (*See* Dkt. Nos. 135, 136.) Instead, Rockin seeks to relitigate the propriety of the Court's entry of summary judgment and decision to award fees. (*See* Dkt. No. 135 at 1-2; Dkt. No. 136 at 1-2.)  This is an untimely and improper method of asking the Court to reconsider its order. *See* W.D. Wash. Local Civ. R. 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within fourteen days after the order to which it relates is filed.").

The Court acknowledges that Rule 37 sanctions do not typically arise in the context of summary judgment. However, the Court remains resolute that an imposition of sanctions is appropriate here based on Rockin's conduct. Under Rule 37, if a party disobeys a discovery order, the Court "may issue further just orders" including ordering "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the order. Fed. R. Civ. P. 37(b)(2)(A), (C).

As outlined in the Court's summary judgment order, Rockin has failed to comply with multiple discovery orders. (Dkt. No. 121 at 3-4; *see also* Dkt. Nos. 42, 58, 59.) And the impact of Rockin's failure to comply became particularly clear on summary judgment. Defendants, having received little to no response in discovery, demonstrated that the available evidence failed to support—or even contradicted—Rockin's claims. (Dkt. No. 121 at 8-9, 11-12.) In response, Rockin submitted only self-serving declarations, and neither the assertions in those declarations, nor any evidence to support them, was produced in response to Defendants' discovery requests or the Court's orders to compel. (*See id.* at 9.) In other words, Rockin "attempt[ed] to use the withheld evidence to create a dispute of material fact and defeat summary judgment." (*Id.*) The Court cannot condone such flagrant disregard for its orders and the discovery process as a whole.

However, in considering Defendants' accounting, the Court is not confident that a sanction in the amount requested will have the desired effect on Rockin. "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing

ORDER
PAGE - 2

a general deterrent in the particular case and litigation in general." *Tourgeman v. Collins Financial Servs., Inc.*, 2012 WL 28289 at *2 (S.D. Cal. Jan. 5, 2012) (internal citations omitted). Given that all of Rockin's claims have been dismissed with prejudice and Defendants have already been awarded significant sums as discovery sanctions, (*see* Dkt. No. 119), the Court is concerned that another significant sanction will not effectuate these purposes.

**Accordingly, the Court ORDERS Rockin and its counsel, Eric T. Krening and Thomas T. Osinski, to pay $5,000.00 to Bravado and $5,000.00 to the Hendrix Defendants, for a total of $10,000.00 in sanctions.**

Rockin and its counsel shall pay these awards within 14 days of the date of this order. Unless the parties agree otherwise on the form of payment, the payment shall be made to Bravado by delivering to Bravado's counsel a certified check made out to "Miller Nash Graham & Dunn, LLP," and to the Hendrix Defendants by delivering to their counsel a certified check made out to "Wilson Smith Cochran Dickerson."

The Clerk is DIRECTED to terminate Docket Numbers 130 and 132, as they are no longer pending motions.

DATED this 23rd day of February 2017.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE