THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKIN ARTWORK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California corporation; AUTHENTIC HENDRIX, LLC, a Washington limited liability company; and EXPERIENCE HENDRIX, a Washington limited liability company,<br><br>Defendants. | CASE NO. C15-1492-JCC<br><br>ORDER |

This matter comes before the Court on the motion for registration of judgment by Defendants Bravado International Group Merchandising Services, Inc., Authentic Hendrix, LLC, and Experience Hendrix, LLC (Dkt. No. 146).[1] Defendants seek to register the Court's judgment in other jurisdictions, in particular California and Nevada. (*Id.* at 1-2.)

Under Fed. R. Civ. P. 62(a), a district court judgment becomes final and enforceable 10 days after entry of judgment. At that time, the prevailing plaintiff is entitled to execute upon the

---

[1] Authentic and Experience joined Bravado's motion. (*See* Dkt. No. 147.)

ORDER
PAGE - 1

judgment. *Columbia Pictures Television, Inc. v. Krypton Columbia Pictures Television, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). "Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." *Id.* (quoting 28 U.S.C. § 1963). Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A likely absence of assets in this jurisdiction, coupled with a likelihood that there are recoverable assets in another jurisdiction, is generally sufficient to show good cause for registration elsewhere. *Columbia Pictures*, 259 F.3d at 1197-98. Other factors supporting good cause include whether registering the judgment elsewhere may help prevent the debtor from transferring or concealing property while the matter is on appeal, and whether the debtor posted a supersedeas bond. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371-72 (7th Cir. 1991).

Here, the evidence suggests that Rockin's assets are likely held in California or Nevada. Rockin's complaint states that it is a Nevada limited liability company "with its principle [sic] place of business located in Nevada and California and with minimum business contacts in the state of Washington." (Dkt. No. 1 at 2.) Rockin's business address is in Los Angeles. (Dkt. No. 75-6 at 2.) Rockin has two owners: Andrew Pitsicalis and Leon Hendrix. (*Id.* at 3.) Pitsicalis resides in Los Angeles. (Dkt. No. 79-4 at 1.) Although Rockin's counsel claimed Hendrix was a resident of Washington, (Dkt. No. 63 at 3), Hendrix himself has never submitted any sworn declaration. Rather, the available evidence suggests that Hendrix resides and has an office in Los Angeles. (*See* Dkt. No. 146 at 2.) Rockin's principal licensing agent appears to be located in California. (Dkt. No. 75 at 2.) Rockin's accountant is located in California. (Dkt. No. 103 at 9; Dkt. No. 111 at 1.). Defendants know of no evidence that Rockin has assets in Washington.

Defendants argue that, in light of this evidence, as well as the fact that Rockin has not filed a supersedeas bond, registration of judgment in other jurisdictions is appropriate. (Dkt. No. 146 at 3.) Defendants fear that otherwise "Rockin will attempt to drain or hide its assets while the appeal is pending." (*Id.*)

Rockin failed to respond to Defendants' motion. The Court considers this "as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

Accordingly, the Court finds that Defendants has made a sufficient showing that:

(1) Rockin is unlikely to have sufficient (if any) assets in Washington;

(2) Rockin's assets are likely located in California and Nevada; and

(3) Rockin has not filed any supersedeas bond, and given its behavior in this case, there is a danger that Rockin will transfer assets or otherwise try to render itself immune from collection during the pendency of its appeal.

Defendants' motion (Dkt. No. 146) is GRANTED. The Court ORDERS that Defendants shall be allowed to register the Court's judgment in any other jurisdictions where Rockin's assets may be found, including California and Nevada

DATED this 4th day of April 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE