THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROCKIN ARTWORK, LLC,

    Plaintiff,

v.

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California corporation; AUTHENTIC HENDRIX, LLC, a Washington limited liability company; and EXPERIENCE HENDRIX, LLC, a Washington limited liability company,

    Defendants.

CASE NO. C15-1492-JCC

ORDER DENYING MOTION FOR RELIEF FROM ENFORCEMENT OF JUDGMENT

This matter comes before the Court on Plaintiff Rockin Artwork's motion for relief from enforcement of judgment (Dkt. No. 151). Having reviewed the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

A common thread in this case has been Rockin's elusive behavior and untimely requests for relief. First, based on Rockin's unjustified withholding of discovery, the Court awarded Defendants their reasonable attorney fees and costs in bringing motions to compel. (Dkt. No. 42 at 8; Dkt. No. 58 at 1; Dkt. No. 59 at 6-7.) Rockin did not timely pay that award, causing Defendants to move to compel payment, which the Court granted. (Dkt. No. 89 at 1-2.)

The Court later granted summary judgment in Defendant Bravado's favor. (Dkt. No. 121 at 13.) Because the materials presented on summary judgment showed that Rockin failed to comply with the Court's discovery orders—and then relied upon withheld discovery in opposing Bravado's motion—the Court sanctioned Rockin by awarding Bravado its reasonable fees and costs in bringing the summary judgment motion. (*Id.*) Five days after that order was issued, the Hendrix Defendants also moved for summary judgment. (Dkt. No. 122.) Rockin immediately responded by moving to dismiss all its remaining claims, which the Court granted. (Dkt. No. 125; Dkt. No. 129.) Because the Hendrix Defendants' motion reflected the same discovery disclosure failures, the Court again sanctioned Rockin by awarding the Hendrix Defendants its reasonable fees and costs in bringing their summary judgment motion. (Dkt. No. 129 at 2.)

In granting Rockin's motion to dismiss, the Court also denied Rockin's request for a stay of its deadline to pay the fees and costs it owed Defendants. (*Id.*) Rockin sought to suspend the deadline while it appealed this Court's orders. (Dkt. No. 127 at 1.) The Court declined to impose a stay, reasoning: "If Rockin appeals, the practical effect is that its payment requirement will be tolled pending the outcome of the appeal. While interest may be incurred, that is the risk Rockin takes in continuing to pursue this case." (Dkt. No. 129 at 2.)

The Court ultimately entered judgment against Rockin and in favor of Bravado in the amount of the first sanction award ($23,242.50); against Rockin and counsel and in favor of Bravado in the amount of the second sanction award ($5,000.00), with Rockin and counsel being jointly and severally liable; against Rockin and in favor of the Hendrix Defendants in the amount of the first sanction award ($12,279.00); and against Rockin and counsel and in favor of the Hendrix Defendants in the amount of the second sanction award ($5,000.00), with Rockin and counsel being jointly and severally liable. (Dkt. No. 163 at 1-2.)[1]

---

[1] Regarding the award against counsel and in favor of the Hendrix Defendants, the original judgment errantly referred to the "second award" as totaling $17,279.00. (Dkt. No. 145 at 2.) An amended judgment has been issued. (Dkt. No. 163.)

Rockin appealed the Court's orders imposing sanctions. (Dkt. No. 138; Dkt. No. 148.)

Meanwhile, Defendants moved to allow registration of the judgment in other jurisdictions, citing concerns that Rockin had not filed a supersedeas bond and could attempt to hide its assets while the appeal was pending. (Dkt. No. 146 at 1, 3; *see also* Dkt. No. 147.) Rockin did not respond to the motion. (*See* Dkt. No. 150 at 3.) The Court granted the motion, thus allowing Defendants to "register the Court's judgment in any other jurisdictions where Rockin's assets may be found." (*Id.*)

Rockin now seeks relief from enforcement of the judgment. (Dkt. No. 151 at 1.) Rockin complains that the Hendrix Defendants used the judgment to obtain $24,666.38 from Rockin's New York bank account, an amount that exceeds their award by over $7,000.00. (*Id.*) Rockin further argues that the Court's statement about the "practical effect" of the appeal meant that collection on the judgment was tolled. (*Id.* at 4.) Rockin asks that the Hendrix Defendants be required to return the money they obtained from Rockin's bank account and that no further monies be taken from Rockin until the appeal has been resolved. (*Id.* at 4-5.)

Rockin is mistaken about the effect of the Court's order. The Court denied Rockin's motion for a stay, clearly indicating that Rockin's obligations would not simply be tolled. Indeed, this denial was due in part to the concerns that an appeal would generate more unnecessary fees and that Defendants would not ultimately receive the money owed to them. The statement that "the practical effect is that [Rockin's] payment requirement will be tolled pending the outcome of the appeal," while admittedly not explicit, was a reference to the common practice of posting a supersedeas bond. *See* Fed. R. Civ. P. 62(d). This practice addresses the fears shared by Defendants and the Court that the amounts owed would not be secured. *See NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."). Had Rockin posted such a bond, it would have also protected itself against the Hendrix Defendants' immediate enforcement of the judgment. *See*

Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond."). Rockin has only itself to blame for that lack of protection. *See Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 190 (9th Cir. 1977) ("An appeal will not affect the validity of a judgment or order during the pendency of the appeal, absent a stay or supersedeas."); *Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 2014 WL 12642003 at *2 (C.D. Cal. 2014) ("If no bond is posted and no stay obtained, the judgment remains enforceable.").

However, the Court is also concerned about the proportionality of sanctions in this case. While Rockin's conduct deserved moderate sanctions, the Court has already explained to Defendants that it does not believe that another significant sanction would effectuate the purposes of Rule 37. (Dkt. No. 144 at 2-3.) The Court's judgment states that the Hendrix Defendants are entitled to $17,279.00. (Dkt. No. 163 at 2.) At this time, that is the only amount they shall receive from Rockin. Thus, the Court ORDERS the Hendrix Defendants to return any sums they have obtained that exceed $17,279.00.

Defendants agree that, going forward, if Rockin posts an adequate supersedeas bond, all further collection actions will be stayed. (Dkt. No. 154 at 5; Dkt. No. 155 at 5 n.3.) Rockin indicates that its Principal and CEO, Andrew Pitsicalis, has prepared and filed an application for a bond for $91,043.00, twice the amount of all awards against it in this matter. (Dkt. No. 152 at 3.) The Court finds that amount reasonable and sufficient in these circumstances, particularly where a significant portion of the judgment has already been satisfied. The Court thus rejects Bravado's suggestion that the bond be set at $150,000.00 to allow for fees and costs incurred on appeal. (*See* Dkt. No. 154 at 1-2.) Again, the Court seeks to provide proportionate relief. Moreover, it is the Ninth Circuit's decision—not this Court's—whether Rockin's appeal is meritorious and, if not, whether to further sanction Rockin.

In sum, Rockin's motion for relief from enforcement of judgment (Dkt. No. 151) is DENIED. However, should Rockin post a supersedeas bond in the amount of $91,043.00, future

enforcement of the judgment will be tolled pending appeal.[2]

Additionally, Defendants' unopposed motion to seal (Dkt. No. 158) is GRANTED due to the sensitive nature of the financial documents therein. Docket Number 156-3 shall REMAIN sealed.

DATED this 19th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the posting of the supersedeas bond will toll enforcement of the judgment only as to Rockin—not as to its counsel, who have not appealed. (*See* Dkt. Nos. 138, 148.)